IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CRITONYA MARTIN,**                                                                                       **PETITIONER**

**v.**                                                 **CIVIL ACTION NO.: 3:13CV198-B-A**

**TUNICA COUNTY, et al.,**                                                        **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the pro se petition of Critonya Martin, Mississippi prisoner # 170518, for a writ of habeas corpus under 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244, and Petitioner has failed to timely respond to the motion. For the reasons set forth below, Respondents' motion is granted, and the instant petition will be dismissed with prejudice.

**Facts and Procedural History**

Petitioner pleaded guilty to sexual battery in the Circuit Court of Tunica County, Mississippi. (*See* Resp'ts Mot. to Dismiss, Ex. A). By Order filed September 28, 2011, Petitioner was sentenced to serve a term of seven years in the custody of the Mississippi Department of Corrections.[1] (*See id.*, Ex. B). Petitioner filed for federal habeas relief on or about August 6, 2013, and the Court ordered Respondents to file a response to the petition. On October 1, 2013, Respondents filed a motion to dismiss the instant action, arguing that the petition is untimely under the federal statute of limitations. The time for Petitioner to respond has passed, and Petitioner has failed to reply to Respondents' motion to dismiss. This matter is

---

[1] Two years of Petitioner's sentence was suspended, leaving her five years to serve in custody. (*See* Resp'ts Mot. to Dismiss, Ex. B).

1

now ripe for consideration.

**Legal Standard**

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion should be granted turns on the statue's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). Further, in "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

**Analysis**

Under Mississippi law, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Therefore, Petitioner's conviction became final, and the federal statute of limitations began to run, on September 28, 2011, when she was sentenced on her guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Absent statutory or equitable tolling, Petitioner's petition for federal habeas relief was due on or before September 28, 2012, to be deemed timely.[2]

Respondents maintain that Petitioner has not attempted to challenge her plea and sentence to sexual battery through a motion for post-conviction collateral relief in the Circuit Court of Tunica County, and they report that the Circuit Court Clerk confirms that Petitioner has not filed a petition in that court. Petitioner concedes that she has not filed a motion for State post-conviction relief. Accordingly, Petitioner is not entitled to any statutory tolling. *See* 28 U.S.C. § 2244(d)(2) (tolling the federal statute of limitations while a "properly filed" application is pending).

Petitioner's federal habeas petition was "filed" sometime between when it was signed on July 16, 2013, and when it was stamped "filed" in this Court on August 6, 2013. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a pro se prisoner's petition filed on the date it is delivered to prison officials for mailing). As her federal habeas petition was filed beyond the statute's deadline, federal habeas relief is available to her only if she can demonstrate that her case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

---

[2] The exceptions of § 2244(d)(1)(B-D) are inapplicable in this case.

3

Petitioner maintains that she was unaware at the time of her sentencing that she had the opportunity to file for state post-conviction or federal habeas relief. However, equitable tolling is only available if the petitioner demonstrates "that some extraordinary circumstance stood in h[er] way and prevented timely filing" despite a diligent pursuit of her rights. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010) (citation omitted). Attorney error or ignorance of the law is insufficient to establish an "extraordinary circumstance" that warrants equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (noting that ignorance of the law and lack of knowledge of filing deadlines are insufficient to toll statute). Therefore, the Court finds equitable tolling is not warranted in this case, and the instant petition is untimely.

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because Petitioner's petition for writ of habeas corpus is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right **and** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Applying this standard, the Court concludes that a COA should be denied in this case.

### Conclusion

For the reasons stated by the Court, the Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to § 2244(d)" (doc. entry no. 5) and **DISMISSES** with prejudice the petition filed in this cause. The Court further **ORDERS** that a certificate of appealability be **DENIED**, as Petitioner failed to show her petition timely and make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**SO ORDERED** this the 20th day of November, 2013.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**